# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SYLVIA HERNANDEZ,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>CAROLYN W. COLVIN, Acting<br>Commissioner of Social Security,<br><br>　　　　Defendant. | Case No. 1:13-cv-00694-BAM<br><br>ORDER AFFIRMING AGENCY'S DENIAL<br>OF BENEFITS AND ORDERING<br>JUDGMENT FOR COMMISSIONER |

## I.　INTRODUCTION

Plaintiff Sylvia Hernandez ("Plaintiff") seeks judicial review of a final decision of the Commissioner of Social Security ("Commissioner") denying her application for disability insurance benefits and supplemental security income benefits pursuant to Titles II and XVI of the Social Security Act. The matter is before the Court on the parties' briefs, which were submitted without oral argument to Magistrate Judge Barbara A. McAuliffe. Having carefully considered the parties' briefs, as well as the entire record in this case, the Court finds the decision of the Administrative Law Judge ("ALJ") to be supported by substantial evidence in the record and based upon proper legal standards. Accordingly, the Court affirms the Commissioner's determination.

## II.      BACKGROUND

### A.   Overview of Administrative Proceedings

On November 4, 2009, Plaintiff filed an application for disability insurance benefits and supplemental security income benefits, alleging disability beginning September 29, 2007. AR 12, 159-69.[1] Plaintiff's application was denied initially and on reconsideration. AR 12. Subsequently, Plaintiff requested a hearing before an ALJ. *Id.* In a decision dated February 15, 2012, the ALJ found that Plaintiff was not disabled. AR 9-22. The ALJ's decision became the final decision of the Commissioner of Social Security when the Appeals Council denied Plaintiff's request for review. AR 4-6. Plaintiff then commenced this action pursuant to 42 U.S.C. §§ 405(g), 1383(c).

### B.   Plaintiff's Background and Testimony

The ALJ held a hearing on January 18, 2012, in San Bernardino, California. AR 27-62. Plaintiff appeared via video conference from Fresno, CA, and was represented by counsel. AR 29. Plaintiff was 42 years old at the time of the hearing and lives in Fresno, California. AR 20, 33. Plaintiff testified that the highest grade of school she completed was the eighth grade. AR 35. Plaintiff stated that she previously worked at an animal health products store as a warehouse worker/supervisor. AR 38-39.

In regards to her alleged disability, Plaintiff suffers from left thalamic infarct and degenerative disc disease of the cervical and lumbar spine. AR 14. Plaintiff's alleged that she stopped working due to a stroke from 2006. AR 203. Plaintiff's physicians reported slow but gradual improvement. AR 269. Plaintiff alleged that her back and shoulder injuries also prevented her from working. *Id.* Plaintiff testified that due to her stoke, her right arm and leg do not function right. AR 36. Further, Plaintiff stated that her back and neck prevented her from working, and that she could not sit or stand for a long period of time. *Id.*

---

[1] References to the Administrative Record cite to "AR," followed by the corresponding page number to the Administrative Record.

### C. Testimony of the Vocational Expert

Vocational Expert Dr. Thomas Dachelet (the "VE") testified at the hearing. AR 12. The relevant testimony involves a hypothetical question asked by the ALJ to determine whether Plaintiff could perform past relevant work or other work that exists in significant numbers in the national economy. AR 55-60. The VE testified that an individual with Plaintiff's age, education and work experience, who could occasionally lift and carry 20 pounds and frequently lift and carry 10 pounds, could carry 20 pounds with both arms or the left arm, but only 10 pounds with the right, could stand/walk six hours out of an eight hour day with regular breaks, sit six hours out of and eight hour day, occasionally push and pull, frequently perform postural activities, and occasionally climb ladders, ropes, and scaffolds, but should not perform overhead lifting with the right upper extremity, could perform the jobs of packing line worker Dictionary of Occupational Titles (DOT) 753.687-038), garment sorter (DOT 222.687-014), and ampoule filler (DOT 559.685-018). AR 58-59. Regarding job availability in the local and national economy, the VE noted: 43,325 local and 317,729 national packing line worker jobs; 20,623 local and 222,124 national garment sorter jobs; 20,024 local and 165,248 national jobs for ampoule filler. AR 59. The VE affirmed that his testimony was consistent with the DOT. AR 59.

### D. Medical Record

The entire medical record was reviewed by the Court. The Court will reference the medical evidence to the extent it is necessary to the Court's decision.

### E. The ALJ's Decision

On February 15, 2012, the ALJ issued a decision finding that Plaintiff had not met her burden to show that she was disabled within the meaning of the Act. Specifically, the ALJ made the following relevant findings:

1.  Plaintiff has not engaged in substantial gainful activity since September 29, 2007, the alleged onset date (20 CFR 404.1571 and 416.971;

2.  Plaintiff has the following severe impairments: history of left thalamic infarct and degenerative disc disease of the cervical and lumbar spine (20 CFR 404.1520(c) and 416.920(c));

3. Plaintiff does not have an impairment or combination of impairments that meets or medically equals one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (20 CFR 404.1520(d), 404.1525, 404.1526, 416.920(d), 416.925, and 416.926);

4. Plaintiff has the residual functional capacity ("RFC") to perform light work as defined in 20 CFR 404.1567(b) and 416.967(b); claimant retains the capacity to occasionally lift and carry 20 pounds and frequently 10; lift 20 pounds with both arms or her left arm, but only 10 pounds with her right arm only; stand and/or walk for 6 hours and sit for 6 hours out of 8 hours; no more than occasional pushing and pulling with her right upper extremity; frequent performance of postural movements except no more than occasional climbing of ladders, ropes, and scaffolds; and no overhead lifting with her right upper extremity;

5. Plaintiff is unable to perform any past relevant work (20 CFR 404.1565 and 416.965);

6. Considering Plaintiff's age, education, work experience and residual functional capacity, there are jobs that exist in significant numbers in the national economy that Plaintiff can perform (20 CFR 404.1569, 404.1569(a), 416.969 and 416.969(a));

7. Plaintiff has not been under a disability, as defined in the Act, from August 15, 2009, through the date of the ALJ's decision (20 CFR 404.1520(g) and 416.920(g)).

### III. Standard of Review

To be disabled, a claimant must have a severe medical impairment capable of lasting at least twelve months, such that in light of his medical and vocational limitations he cannot engage in either his past work or in any work existing in significant numbers in the national economy. 42 U.S.C. § 1382c(a)(3). The claimant will be found disabled if he either satisfies all the elements of this definition or has a medical condition which is defined as disabling under the Commissioner's "listings." *See* 20 C.F.R. 404.1520. The Commissioner prescribes the order in which the ALJ considers these factors, and instructs the ALJ to end his inquiry as soon as he reaches a dispositive finding, either in that the claimant fails to satisfy an element of disability or in that he satisfies a listing. This sequential process is intended to help ensure that determinations are uniform, administratively efficient, neutral, and carefully documented. 20

C.F.R. 404.1594(b)(5); *see Cleveland v. Policy Mgmt. Sys. Corp.*, 526 U.S. 795, 804 (1999) (sequential process embodies "presumptions about disabilities, job availability, and their interrelation" which "grow out of the need to administer a large benefits system efficiently").

Congress has provided a limited scope of judicial review of the Commissioner's finding that a claimant is not disabled. This Court must uphold the decision if the ALJ applied the proper legal standards and made findings supported by substantial evidence. *See Sanchez v. Secretary of Health and Human Services*, 812 F.2d 509, 510 (9th Cir. 1987). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971). It is "more than a mere scintilla," *id.,* but less than a preponderance. *Sorenson v. Weinberger*, 514 F.2d 1112, 1119 n. 10 (9th Cir. 1975). The record as a whole must be considered, weighing both the evidence that supports and the evidence that detracts from the Commissioner's decision. *Jones v. Heckler*, 760 F.2d 993, 995 (9th Cir. 1985). If the evidence can reasonably support either affirming or reversing the Secretary's conclusion, the Court may not substitute its judgment. *Gomez v. Chater*, 74 F.3d 967, 970 (9th Cir.1996).

## IV.   DISCUSSION

Plaintiff's appeal presents a single challenge to the ALJ's decision: Plaintiff contends the ALJ failed to provide legally sufficient reasons for rejecting an examining physician's opinion.

**A.   Legal Standard**

Cases in this circuit distinguish among the opinions of three types of physicians: (1) those who treat the claimant (treating physicians); (2) those who examine but do not treat the claimant (examining physicians); and (3) those who neither examine nor treat the claimant (non-examining physicians). *Lester v. Chater*, 81 F.3d 821, 830 (9th Cir. 1995). The opinion of an examining physician is entitled to greater weight than the opinion of a nonexamining physician. *Pitzer v. Sullivan,* 908 F.2d 502, 506 (9th Cir. 1990). As is the case with the opinion of a treating physician, the Commissioner must provide "clear and convincing" that are supported by substantial evidence in the record reasons for rejecting the uncontradicted opinion of an examining physician. *Lester v. Chater,* 81 F.3d 821, 830 (9th Cir. 1996).

Notwithstanding the above discussion, an ALJ is not required to accept an opinion of an examining physician, or any other medical source, if it is conclusory and not supported by clinical findings. *Matney v. Sullivan*, 981 F.2d 1016, 1019 (9th Cir. 1992). Additionally, an ALJ is not bound to a medical source's opinion concerning a claimant's limitations on the ultimate issue of disability. *Magallanes v. Bowen*, 881 F.2d 747, 751 (9th Cir. 1989). If the record as a whole does not support the medical source's opinion, the ALJ may reject that opinion. *Batson v. Comm'r of Soc. Sec. Admin.*, 359 F.3d 1190, 1195 (9th Cir. 2004). Items in the record that may not support the physician's opinion include clinical findings from examinations, conflicting medical opinions, conflicting physician's treatment notes, and the claimant's daily activities. *Id.*; *Bayliss v. Barnhart*, 427 F.3d 1211 (9th Cir. 2005); *Connett v. Barnhart*, 340 F.3d 871 (9th Cir. 2003); *Morgan v. Comm'r of Soc. Sec. Admin.*, 169 F.3d 595 (9th Cir.1999).

**B.    ALJ's Evaluation of Medical Testimony**

The ALJ determined that Plaintiff retained the RFC to perform a range of light work, specifically finding:

> Claimant retains the capacity to occasionally lift and carry 20 pounds and frequently 10; lift 20 pounds with both arms or her left arm, but only 10 pounds with her right arm only; stand and/or walk for 6 hours and sit for 6 hours out of 8 hours; no more than occasional pushing and pulling with her right upper extremity; frequent performance of postural movements except no more than occasional climbing of ladders, ropes, and scaffolds; and no overhead lifting with her right upper extremity."

AR 17. In determining Plaintiff's RFC, the ALJ considered the opinions of two examining physicians, and two non-examining physicians.

The ALJ gave "significant weight" to examining physician Dr. Damania's opinion. AR 19. Based on a consultative evaluation on July 18, 2007, Dr. Damania assessed Plaintiff's functional capacity as follows:

> The patient should be able to lift and carry 20 pounds occasionally and 10 pounds frequently. The patient can stand and walk six hours out of an eight hour workday with normal breaks. The patient can sit six hours. No assistive device is necessary for ambulation. No postural limitations. No visual or communicative impairments. Due to history of stroke, workplace environmental limitations to climbing and balancing would apply.

AR 298.

The ALJ gave "great weight" to examining physician Dr. Georgis's opinion. AR 19. After evaluating Plaintiff during an orthopedic consultation performed on March 30, 2010, Dr. Georgis described Plaintiff's functional capacity as follows:

> The claimant can lift and carry 10 pounds occasionally and frequently. The claimant can stand and walk six hours out of an eight hour day with normal breaks. The claimant can sit six hours out of an eight hour day. Exertional limitations include occasional climbing, stooping, kneeling, pushing, balancing, crouching, crawling and pulling. No overhead reaching with the right upper extremity; otherwise, occasional reaching with the right upper extremity.

AR 320.

On April 14, 2010, State Agency medical consultant Dr. Quint conducted a Physical Residual Functional Capacity Assessment of Plaintiff. AR 322-26. Dr. Quint found that Plaintiff can occasionally lift 20 pounds and frequently lift 10 pounds, can stand and/or walk for six hours out of an eight-hour workday with occasional breaks, can sit about six hours in an 8-hour workday and can only push/pull occasionally with her right arm. AR 323. Additionally, Dr. Quint found that Plaintiff can frequently balance, stoop, kneel, crouch, crawl and climb ramps or stairs, but only occasionally climb ladders, ropes or scaffolds because of back pain. AR 324. Dr. Quint also noted that Plaintiff could not perform any overhead lifting with her right upper extremity. AR 324. On August 13, 2010, State Agency medical consultant Dr. Nawar reviewed Plaintiff's medical evidence and adopted Dr. Quint's prior assessment. AR 335. The ALJ afforded great weight to the opinions of both non-examining physicians Dr. Quint and Dr. Nawar. AR 20.

**C.  The ALJ's Evaluation of Medical Opinion Testimony is Based on Substantial Evidence in the Record**

It is the responsibility of the ALJ to weigh the evidence and resolve any conflicts in medical opinion testimony. *See Tommasetti v. Astrue*, 535 F.3d 1035, 1041-42 (9th Cir. 2008) ("[T]he ALJ is the final arbiter with respect to resolving ambiguities in the medical evidence"); *Molina v. Astrue*, 674 F.3d 1104, 1111 ("Even when the evidence is susceptible to more than one rational interpretation, we must uphold the ALJ's findings if they are supported by inferences

reasonably drawn from the record"). When substantial evidence in the record supports the ALJ's RFC finding, the Court will uphold it. *See Lockwood v. Comm'r Soc. Sec.*, 616 F.3d 1068, 1071 (9th Cir. 2010) ("We must uphold an ALJ's decision so long as it is supported by substantial evidence and is not based on legal error").

Plaintiff argues that the ALJ committed harmful error when he did not include the entirety of Dr. Georgis' findings in Plaintiff's RFC; specifically, the ALJ failed to include that Plaintiff can only occasionally reach with her right upper extremity. The ALJ was not required to accept everything in Dr. Georgis' opinion. As the Ninth Circuit held in *Russel v. Bowen*, "[i]t is not necessary to agree with everything an expert witness says in order to hold that his testimony contains substantial evidence." 856 F.2d 81, 83 (9th Cir. 1988) (internal quotation marks and citation omitted). The ALJ gave Dr. Georgis' opinion "great weight" and used it to supplement his RFC finding along with the opinions of three other doctors and the medical record. AR 18-19. Essentially, the ALJ's RFC finding is a composite of the several physicians' findings in that it retains functional capacities from each physician's assessment. No other physician limited Plaintiff to occasional reaching. However, because three physicians agreed Plaintiff was limited to occasional pushing and pulling with her right arm, and that Plaintiff could not do overhead reaching with her right arm, the ALJ included such limitations in his RFC finding. Thus, the ALJ adopted Dr. Georgis' opinions to the extent they were consistent with other medical evidence in the record.

The ALJ also concluded that the medical records from several physical exams dated after Dr. Georgis' examination reflect the normal functioning of Plaintiff's right upper extremity. AR 18. This conclusion is supported throughout the Record, where several examinations showed that Plaintiff demonstrated normal functioning of the right arm. AR 338, 344, 360, 369, 378. Despite these benign exam results, the ALJ nonetheless placed significant limitations on Plaintiff's right arm when he defined Plaintiff's RFC. AR 17. These records—all subsequent to Dr. Georgis' examination—provided further substantial evidence upon which the ALJ could base his decision. *See Batson*, 359 F.3d at 1195 (Treating physicians opinion rejected in part due to contradictory assessments of plaintiff's medical condition); 20 C.F.R. § 404.1512(b).

Accordingly, the ALJ's evaluation of medical opinion testimony was based on substantial evidence in the record.

## IV.   CONCLUSION

Based on the foregoing, the Court finds that the ALJ's decision is supported by substantial evidence in the record as a whole and is based on proper legal standards. Accordingly, this Court **DENIES** Plaintiff's appeal from the administrative decision of the Commissioner of Social Security.  The Clerk of this Court is **DIRECTED** to enter judgment in favor of Defendant Carolyn W. Colvin, Acting Commissioner of Social Security and against Plaintiff, Sylvia Hernandez.

IT IS SO ORDERED.

Dated:   **August 25, 2014**          /s/ Barbara A. McAuliffe
                                   UNITED STATES MAGISTRATE JUDGE